IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                    Plaintiff,

   v.

ALLAN SAVIER TEJEDA MURILLO,

                    Defendant.

OPINION and ORDER

26-mj-4-amb

---

Defendant Allan Savier Tejeda Murillo has filed a motion to dismiss the information charging him with unlawfully voting in the 2024 Presidential election as a noncitizen, in violation of 18 U.S.C. § 611(a). Dkt. 15. He asserts a facial constitutional challenge to this statute, arguing that it usurps the power the Constitution reserves for the states to set voter qualifications. Wisconsin, like all states, prohibits noncitizens from voting in federal and state elections. *See* Wis. Stat. § 6.02; *see also* Wis. Const. Art. III, § 1.

The parties have fully briefed the motion, and both sides acknowledge that this is a matter of first impression, with no binding authority that clearly settles the issue.[1] In light of the novelty of this legal question and the possible implications of the court's ruling, the court requires additional guidance. To that end, the court requests amicus briefing from the State of Wisconsin, represented by the Wisconsin Department of Justice. The court has the authority to recruit an amicus curiae when it "has unique information or perspective." *Ryan v.*

---

[1] The court is aware of two other federal criminal cases where similar motions to dismiss are pending. *United States v. Renaud*, No. 1:26-cr-20128 (S.D. Fla. Mar 31, 2026); *United States v. Cox*, No. 0:25-cr-60249 (S.D. Fla. Oct 22, 2025). The court in *Cox* has recruited Attorney Paul D. Clement as amicus curiae to assist the court in that case, with a memorandum due to the court July 17, 2026.

*Commodity Futures Trading Comm'n*, 125 F.3d 1062 1063 (7th Cir. 1997); *see also United States v. Barnett*, 376 U.S. 681, 738 (1964) (recognizing the power of federal courts to appoint amici). Because the motion is rooted in questions of federalism, the court finds it likely that the State has a unique perspective to share and that may be helpful to the court.

The amicus brief is due July 31, 2026, and any responses from the parties are due by August 14, 2026.  An attorney or attorneys must enter a notice of appearance for the amicus curiae using the appearance of counsel form to receive access to the case materials and filing privileges.

The court will also hold oral argument on August 21, 2026 at 11:00 a.m. to address questions raised by the parties' briefing.  The amicus curiae may indicate in its brief if it requests the opportunity to present argument as well.

To accommodate this effort to fully develop the record, the court has reset the case schedule in an amended scheduling order at Dkt. 25.

The clerk of court is directed to serve this order on Wisconsin Attorney General Josh Kaul at the Wisconsin Department of Justice via email at 806.04service@doj.state.wi.us, in accordance with Wis. Stat. § 806.04(11), providing for service on the Attorney General "[i]f a statute, ordinance or franchise is alleged to be unconstitutional, or to be in violation of or preempted by federal law, or if the construction or validity of a statute is otherwise challenged."

*So ordered.*

Entered June 26, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

2